UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON LAROY P. TINSLEY A/K/A FLOSS VEGAS; JASON LAROY LLC,<br><br>                          Plaintiffs,<br><br>            -against-<br><br>NATHANIEL WILLIWAMS A/K/A CHYNA, individually and doing business as, 050 DA MOVEMENT/HARLEM LEGEND T.V.,<br><br>                          Defendants. | 25-CV-8784 (LTS)<br><br>ORDER OR PARTIAL DISMISSAL AND ORDER DIRECTING PRISONER AUTHORIZATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jason LaRoy P. Tinsley ("Tinsley"), who is currently detained in the Hudson County Correctional Center, in Kearny, New Jersey, brings this action *pro se*. In addition to his own claims, he also asserts claims on behalf of Jason LaRoy LLC, a limited liability corporation. For the following reasons, the Court dismisses the claims brought on behalf of Jason LaRoy LLC and directs Tinsley to submit a prisoner authorization.

## DISCUSSION

**A.     Claims brought on behalf of Jason LaRoy LLC**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Only a natural person, however, can proceed IFP; an entity like Plaintiff Jason LaRoy LLC cannot. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915).

Moreover, an entity like LaRoy LLC cannot proceed without counsel. *See id.* at 202 (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties

may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citations omitted)); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

Accordingly, the Court dismisses Jason LaRoy LLC's claims without prejudice to this entity proceeding with this action with counsel and with the payment of the fees.

**B.     Prisoner Authorization**

Under the Prison Litigation Reform Act, the court must collect the $350.00 filing fee[1] in installments, which is deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this court without prepayment of fees must therefore also authorize the court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to send to this court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Tinsley submitted an IFP application, but did not submit a prisoner authorization. Within thirty days of the date of this order, Tinsley must either pay the $405.00 in fees or complete and submit the attached prisoner authorization. If Tinsley submits the prisoner authorization, it should be labeled with docket number 25-CV-8784 (LTS).[2]

---

[1] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.

## CONCLUSION

For the reasons stated in this order, the Court dismisses Jason LaRoy LLC's claims without prejudice to this entity proceeding with this action with counsel and with the payment of the $405.00 in fees. The Court directs the Clerk of Court to terminate this plaintiff from this action.

Within thirty days of the date of this order, Tinsley must either pay the $405.00 in fees or complete and submit the attached prisoner authorization.

No summons shall issue at this time. If Tinsley complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Tinsley fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 28, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
(full name of the plaintiff/petitioner)

-against-

_____
(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1) because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2) the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1) send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2) calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____        _____
Date                                    Signature

_____        _____
Name (Last, First, MI)                  Prison Identification #

_____  _____  _____  _____
Address                          City       State    Zip Code

---

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16